IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-00839 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO CORRECT SENTENCE** |
| FERNANDO OCHOA, | |
| Defendant. | |

Defendant Fernando Ochoa has filed a motion to correct his sentence (Dkt. No. 15). Defendant has filed this motion pursuant to 18 U.S.C. 3231, which gives district courts "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States," and 28 U.S.C. 1651, the all writs act." The government opposes.

On August 18, 2009, defendant was charged in a one count indictment with illegal reentry in violation of 8 U.S.C. 1326. Defendant entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and admitted to having been deported from the United States to Mexico on or about March 4, 2003 and December 20, 2007, after having been convicted of a felony drug offense in 2002 and again in 2006. Pursuant to the plea agreement, defendant "knowingly and voluntarily agree[d] to waive any right [he] may have to file any collateral attack on [his] conviction or sentence, including a petition under 28 U.S.C. 2255 or 28 U.S.C. 2241, or motion under 18 U.S.C. 3582, at any time in the future after [he is] sentenced, except for a claim that [his] constitutional right to the effective assistance of counsel was violated (Dkt. No. 7 at 3). On September 15, 2009, defendant pleaded guilty to the indictment

1 pursuant to the plea agreement.  Defendant was sentenced to 51 months imprisonment.

2 Judgment was entered on October 30, 2009.

3 Defendant challenges his sentence under 18 U.S.C. 3231 and 28 U.S.C. 1651, arguing
"he d[id] not qualify for the 16 level increase under U.S.S.G. § 2L1.2(b)(1)(A) because his prior removal from the United States was accomplished by 'stipulated removal' and not a deportation/removal order issued by a federal court" (Dkt. No. 15 at 2).  Pursuant to the terms of the plea agreement signed and entered into knowingly and voluntarily by defendant, he is precluded from such a collateral attack of his conviction and/or sentence.

On reply, defendant states that his "counsel was ineffective for not researching Ochoa's prior deportation proceedings to determine that Ochoa was never deported pursuant to a court order rather than a 'stipulated removal' that would not qualify Ochoa for the 16 level enhancement under U.S.S.G.  2L1.2(b)(1)(A) [and that] [b]ased on the terms of the plea agreement Ochoa has not waived his right to bring the claim in question" (Dkt. No. 19 at 1). This is a new argument, not raised in the motion, and therefore, not considered in this order.  The order notes that a motion to vacate, set aside, or correct a section is properly brought under 28 U.S.C. 2255, which contains a provision for a one-year period of limitation.

Per the terms of the plea agreement, defendant waived his right to bring a collateral attack on his conviction or sentence of the kind brought in the instant motion.  Thus, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 24, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE